**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIE F. BALTZGAR, #410372,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0557-P |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent.[1] | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type Case</u>: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

<u>Parties</u>: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case pending preliminary screening.

<u>Statement of Case</u>: Following his plea of not guilty, a jury convicted Petitioner of aggravated robbery in oCriminal District Court Number One of Dallas County, Texas, in Cause

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

No. F85-87801-MH.  (Petition (Pet.) at 2).  Punishment was assessed at life imprisonment.  (Id.).  On December 10, 1986, the Fifth District Court of Appeals affirmed his conviction and sentence.  Baltzgar v. State, No. 05-85-01342-CR (Tex. App., 1986, no pet.).

Thereafter, Petitioner filed two state applications for a writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure.  The Texas Court of Criminal Appeals (TCCA) denied both applications, the first on August 22, 1990, and the second on February 1, 2006.  Ex parte Baltzgar, Nos. WR- 21,537-01 and 02, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=141205 and 240249 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).

In his federal petition, filed on March 29, 2006, Petitioner alleges the all white jury that convicted him was unconstitutionally selected using the "Sparling Manual," which Dallas County prosecutors used as their guide and policy in jury selection.  He relies on Miller-El v. Dretke, 545 U.S. 231 (2005), to assert that the "[t]he constitutional infirmness of . . . [all white] juries [in Dallas County] was [recently] established."  (Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus at 1).[2]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the

---

[2]  For purposes of this recommendation, the petition is deemed filed on March 24, 2006, the date on which Petitioner signed the same and presumably handed it to prison officials for mailing.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir.1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).
    This is Petitioner's first federal habeas action challenging his 1985 aggravated robbery conviction.  This Court has searched its card catalog and computer system.

statute of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  While he bases his petition on a new constitutional right under subparagraph (C), his claim is meritless.  Contrary to Petitioner's assertion, Miller-El v. Dretke, 545 U.S. 231 (2005), did not create a new rule of constitutional law.  Rather it applied the rule set out in Batson v. Kentucky, 476 U.S. 79 (1986), decided during the pendency of Petitioner's and Miller-El's direct appeals.  As such Petitioner cannot adequately allege a new constitutional right under subparagraph (C).

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court

---

[3] On May 23, 2006, the Court informed Petitioner of the one-year statute of limitations and granted him thirty days to show cause why the petition should not be dismissed as barred by the limitation period.  Petitioner filed his response to the show cause order on June 2, 2006.

will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on January 9, 1987, thirty days after the Court of Appeals affirmed the judgment of conviction.  See TEX. R. APP. P. 68.2(a) (effective September 1, 1997), formerly TEX. R. APP. P. 202(b).  Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief.  See Flanagan v. Johnson, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998) (citing United States v. Flores, 135 F.3d 1000, 1006 (5th Cir.1998).  Petitioner did not file this federal habeas petition until March 24, 2006, eight years and eleven months after the running of the one-year grace period.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas applications were not pending in state court during the one-year grace period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll limitation period where it was not filed until after the limitation period had expired).  Petitioner's first state application was filed and denied before the commencement of the one-year grace period, and Petitioner's second state application was filed and denied long after the expiration of the grace period.  Therefore, Petitioner's habeas corpus petition is untimely absent equitable tolling.

Petitioner does not request equitable tolling of the limitation period.  (See Petitioner's Response to Show Cause Order).  Nevertheless, his pleadings, even when liberally construed in

accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. See Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). Nor do they establish that Petitioner diligently pursued his rights. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). It is now well established that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition with prejudice as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 1st day of August, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.